## Walton *v.* Walton, Appellant.

*Divorce—Petition to set aside decree—Suppression of knowledge of respondent's residence—Grounds for vacation of decree in divorce.*

A petition to set aside a decree in divorce is properly granted, where the evidence, in behalf of the petitioner, is that the libellant was the sole witness in support of the libel, and that he had deliberately deceived the master at the preliminary hearing as to his knowledge of the respondent's address.

Under such circumstances, the decree should be set aside. The imposition complained of was not only on the respondent, but on the court, and it is due to the just and orderly administration of justice that decrees be not obtained by the suppression of the truth, and this is especially true in proceedings in divorce in which a public as well as a private interest is involved. In such proceeding, it is not necessary that the respondent refute the charge of desertion with such evidence as would have resulted in the dismissal of the libel.

Argued October 16, 1924.　Appeal, No. 99, Oct. T., 1924, by L. Roberts Walton, administrator of the estate of Alfred Walton, deceased, from the decree of C. P. No. 2, Phila. Co., Sept. T., 1916, No. 84, vacating divorce in the case of Alfred Walton v. Frances Helen Walton. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.　Dismissed.

Rule to vacate decree of divorce.　Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.　Appellant appealed.

*Error assigned* was the decree of the court.

*E. Spencer Miller,* for appellant.

*Frank A. Harrigan,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

This is a proceeding to set aside a decree of divorce. The decree was entered January 27, 1919; the petition for its vacation was filed September 21, 1921. The respondent lived in New York City. The libellant had become a resident of the City of Philadelphia. Personal service was not had on the respondent and the decree was entered after constructive service by publication. The libellant was the sole witness in support of the

complaint.   The cause of divorce was desertion alleged to have taken place in New York City.   The complainant was called before the master in a preliminary inquiry as to the whereabouts of the respondent, under rule 180 of the court of common pleas, in which examination he denied that he knew where his wife lived, or that he knew the address of his son or his daughter. He further testified that he could not aid the master in any way in reaching his wife for the purpose of notice and that he did not know to whom he could refer him for that purpose.   His examination on that subject was somewhat extended and his testimony was evidently intended to convince the master that he was wholly ignorant on the subject of his wife's residence, or of any means by which she could be notified directly or through her kindred living in New York that the divorce proceeding was pending.   The complainant died before the application for the vacation of the decree was made.   Testimony was taken supporting the allegation that the court had been intentionally imposed on and had granted the decree without the knowledge that the libellant had designedly suppressed the truth as to his wife's residence, in order that he might obtain a decree of divorce without opposition.   The learned judge who heard the application to set aside the decree reached the conclusion on the evidence presented that the libellant had deliberately deceived the master at the preliminary hearing and that he falsely pretended that he knew no way to communicate with his son, his daughter, or his wife, and this conclusion is supported by the evidence. It is not necessary to enter into an extended discussion of the merits of the case.   That has been done in the opinion of the court.   The case is not one in which the respondent is seeking to set aside a decree after a hearing or an opportunity to be heard.   The imposition complained of was not only on the respondent, but on the court, and it is due to the just and orderly administration of justice that decrees be not obtained by the

suppression of the truth, and this is especially true in proceedings in divorce in which a public as well as a private interest is involved.  It was not necessary that the respondent in this proceeding refute the charge of divorce with such evidence as would have resulted in a dismissal of the libel.  If she had been served with notice, or had appeared in the case and had then suffered a default, it would have been necessary in order to secure a rehearing that she exhibit a meritorious defense; but here there was no personal notice, no appearance, and no opportunity for defense.  Her denial, as set forth in the petition, was therefore sufficient.  The foundation of the decree appealed from is the imposition practiced on the court, and that this is sufficient to sustain such decree is clearly shown in Allen v. MacLellen, 12 Pa. 328; Boyd's App., 38 Pa. 241.  We are not convinced that the court was in error in reaching the conclusion set forth in the decree.

The appeal is therefore dismissed at the cost of the appellant.