Schuylkill Trust Company et al. *v.* Sobolewski
et ux., Appellants.

Argued January 27, 1937.   Before SCHAFFER, MAXEY,
DREW, LINN, STERN and BARNES, JJ.

*James J. Gallagher,* for appellants.

*H. O. Bechtel,* with him *Edgar Downey,* for appellee.

OPINION. BY MR. JUSTICE STERN, March 22, 1937:

Defendants on July 2, 1926, executed a purchase-money mortgage to John and Mary Mieldazis in the principal sum of $15,000 payable within eight years, at least $500 to be paid on account of the principal at each interest-paying period; the interest to be at the rate of six per cent per annum payable semiannually. The mortgage accompanied a bond containing the usual warrant of attorney to enter judgment. By various assignments the bond and mortgage subsequently passed to plaintiffs, who instituted an action of scire facias sur mortgage on May 3, 1932. The case proceeded to trial; the jury disagreed; a retrial resulted in a verdict for plaintiffs in the sum of $1,250 with interest. This was the amount which defendants claimed was all that then remained due, whereas plaintiffs admitted only payments on account aggregating $2,500, leaving a balance of $12,500. The court made absolute plaintiffs' rule for a new trial on the ground that the verdict was against the weight of the evidence. Thereupon plaintiffs entered judgment on the bond in the sum of $12,500. Defendants took a rule to show cause why this judgment should not be opened. The parties agreed that the testimony taken on the retrial of the scire facias should be regarded as depositions offered in support of the rule to open judgment. The court discharged the rule, from which order defendants appeal.

Two principles are controlling. The first is that in these proceedings the appellate court determines, not whether the court below erred in its conclusion as a mere matter of judgment, but whether it abused its discretion: *Mielcuszny v. Rosol,* 317 Pa. 91; *Howard, Trustee, v. Flanigan,* 320 Pa. 569; *Mallisee v. Hawkins,* 322 Pa. 58; *Mutual B. & L. Assn. v. Walukiewicz,* 322 Pa. 240. The second is that courts are not required to open judgments merely because the defendant produces evidence which, *if true,* would constitute a defense. In *Jenkintown National Bank's Appeal,* 124 Pa. 337, cited in an almost continuous stream of subsequent cases, this court quoted with approval a statement in *Earley's Appeal,* 90 Pa. 321, that "The exercise of jurisdiction upon rules to open judgments entered on warrants of attorney has always been held to be within the sound discretion of the courts. . . . It is a mistake to suppose that the court cannot judge of the weight of the evidence and the credibility of witnesses, but must in every case, where there is a conflict of testimony, send the case to a jury." The court then went on to say: "It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than an oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury. Subject to the foregoing, it is proper to say, that if the testimony taken on the rule would be sufficient to justify the submission of the question to a jury, the court may, in its discretion, make an order to open; but if, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open. This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere

with." To the same effect are *Spanko v. Trisick,* 307 Pa. 166; *Rambo B. & L. Assn. v. Dragone,* 311 Pa. 422; *Mutual B. & L. Assn. v. Walukiewicz,* supra. In *Mielcuszny v. Rosol,* supra, the present Chief Justice said: "To open a judgment there must be more than a mere conflict of evidence; it is not a case of oath against oath, but there should be such evidence as carries conviction as to truth, so that a chancellor in forming his deliberate judgment is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury."

Outside of some testimony too inconsequential for consideration, the only evidence produced by defendants in the present case was a receipt signed by John Mieldazis as follows:

"Shenandoah, Febr. 3, 1931.
"Recevd to Koste and Helan Sobolevesky
"Five Hundred —————————Dolr.
"on a Morgger Balenc $1250.00
"John Mieldazis."

and a check dated July 23, 1931, made out to his order, in the sum of $37.50, marked "interest," signed by defendants, and endorsed and deposited in bank by the payee John Mieldazis. Defendants contend that the receipt is an acknowledgment the balance then due was only $1,250, and that this is fortified by the fact that the semiannual interest on that sum would be $37.50, which is the amount of the check of July 23, 1931. The body of the receipt was not in the handwriting of John Mieldazis, and considering the obvious illiteracy of the person who wrote it, the careless omission of another naught from the figure $1250 is well within the limits of probability, entirely apart from any question of deliberate fraud. Since the mortgage required principal payments of only $500 every six months, even had all been made as stipulated there would have been paid to and including February 3, 1931, only $4,500, and while, of course, it is not impossible that larger installments

may have been voluntarily paid aggregating an additional $9,250, it is not altogether likely that this occurred. At any rate—and of paramount importance— no evidence was offered by defendants to prove such payments, as, for example, the production of cancelled checks endorsed by John Mieldazis or receipts signed by him. As for the check of $37.50, it does not show *what* interest it represented or whether it was given and received as a payment of *all* the interest then due.

Devastating to defendants' case was the evidence given by a witness who for forty-one years had been a member of the Schuylkill County Bar and who testified that defendant Helen Sobolewski sought to retain him as counsel, showed him the receipt, told him it was a mistake, and asked him to "teach" a witness to testify in court to having furnished her with money with which to pay John Mieldazis the sum now claimed by her as a credit reducing the amount due to $1,250. This testimony was not contradicted by Helen Sobolewski. It is little wonder that the learned trial judge considered the verdict unjustified by the weight of the evidence and that he therefore granted a new trial in the sci. fa. proceedings and refused to open the judgment on the bond.

It is urged by defendants that, in view of the finding of the jury in the sci. fa. action, the court was bound to open the judgment. The question is not what the verdict was, but whether the court could conscientiously sustain it as being in accord with the weight of the evidence. Inasmuch as the court set it aside, it has no persuasive, much less binding, force in the present proceedings. In the trial on the sci. fa. the case had to go to the jury because the receipt made out a prima facie case, but on the rule to open the judgment on the bond the credibility of the witnesses and the factual probabilities became factors for judicial consideration.

Defendants have no ground for complaint that judgment was entered on the bond before the proceedings on the sci. fa. sur mortgage were finally determined. A

mortgagee may pursue his remedies on both the mortgage and the accompanying bond at the same time, though limited, of course, to one ultimate satisfaction.

The order of the court discharging defendant's rule to show cause why the judgment on the bond should not be opened is affirmed.