Wisor, Appellant, *v.* Wisor.

234

Argued November 10, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Clarence R. Kramer,* with him *E. H. Beshlin,* for appellant.

*Gustav W. Wilde,* with him *S. W. Blackman,* for appellee.

OPINION BY WOODSIDE, J., March 16, 1954:

This is an appeal from the order of the Court of Common Pleas of Warren County dismissing the plaintiff's petition to open judgment vacating a divorce decree.

On June 26, 1951 the lower court granted a decree of absolute divorce to Mildred M. Wisor. The defendant, although personally served, had entered no formal appearance and had not appeared at the hearing. At the argument before our court there was considerable discussion as to why the defendant did not appear at the divorce hearing but, since this is a matter which does not aid us in the determination of the questions which dispose of this case, we deem it unnecessary to discuss it.

On December 5, 1951, after the term in which the final decree in divorce was signed, and after the time for appeal had expired, Charles L. Wisor, the defendant, upon petition obtained a rule upon the plaintiff to show cause why the decree should not be vacated.

In the petition he alleged that although the plaintiff testified her residence was 9 Oak Street, Warren, Pa., "in fact, for approximately one year preceding the date of said hearing, to wit: June 26, 1951, the plaintiff was a resident of the County of Chautauqua and State of New York, and was not a bona fide resident of the County of Warren or Commonwealth of Pennsylvania;" that the court therefore had no jurisdiction in the matter; and that the plaintiff's false testimony concerning her residence constituted a fraud upon the Court. This rule was made returnable January 22,

1952. On January 7, only fifteen days before the return day, the rule was served by the Deputy Sheriff on C. Henry Nicholson, Esq., counsel of record for the plaintiff in the divorce case. Mr. Nicholson immediately wrote to counsel for the defendant stating that he had no idea where Mildred Wisor was and that if counsel for the defendant knew her whereabouts he would like to be informed so that she could be notified of the action.

On the return day, upon motion of defendant's counsel, *without the taking of any testimony in the matter*, the court made the rule absolute and vacated the decree.

On March 20, the plaintiff filed a petition to open the judgment which vacated the divorce decree. In the petition the plaintiff alleged she had no knowledge of the action until March 18; that she had been given no opportunity to answer or defend the rule to show cause why the decree should not be vacated; and that she had a full and complete defense to the allegations made by Charles L. Wisor in his petition to vacate. She likewise set forth that after the signing of the divorce decree she had remarried.

She also petitioned for counsel fees, which, after hearing, were refused. After she had obtained new counsel the prayer of her petition was amended by order of court to a request to set aside the order vacating the decree rather than a request to open it. After argument the court dismissed the petition seeking to vacate the order vacating the divorce decree. From this dismissal the wife plaintiff appealed to this court.

The order vacating the divorce decree was not validly entered, and must be vacated so that the original decree granting the divorce will be reinstated.

The appellant obtained a decree in divorce. Time for appeal expired. Term time passed. She remarried. Months after all this she discovered that, with-

out notice to her and without any evidence having been presented to the court, her decree has been set aside.

She had employed counsel to represent her in obtaining a divorce. It seems to us that, once a decree of divorce was granted, his representation of her would not continue after the expiration of the time for appeal and after the expiration of the term in which the decree was granted. The service of process on counsel subsequent to this time was a nullity, and in the light of counsel's advice that he could not contact his client, it was highly improper for the court to proceed to vacate the decree upon motion on a return day only 15 days after counsel had been served.

The lower court argued in its opinion that the appellant should have anticipated the defendant's action because "a person who elects to defraud a court by false testimony is deemed to know that such a bold fraud might very well be discovered," and presumably she thereupon had a duty to keep her counsel permanently employed, and informed of her whereabouts. Of course, this argument begs the question. He is saying in effect that she is guilty because she did not file an answer; she did not file an answer because she had no notice; no notice was necessary because she was guilty.

The general rule is that in the absence of a showing that the attorney has authority to represent the client after judgment, notice to the attorney is not notice to the client in respect to a motion to amend or vacate a final decree. 7 C. J. S. Attorney and Client, Sec. 69. *Grames v. Hawley*, 4 McCrary 61, 50 Fed. 319 (1883 C.C.); *Foster v. Foster*, 130 Wash. 376, 227 P. 514 (1924); *Burgess v. Burgess*, 239 Mo. App. 390, 190 S.W. 2d 282 (1945); *Cummer v. Cummer*, 283 Ill. App. 220 (1935). Although representation might properly be held to extend until the end of the term or as long as the right of appeal exists, certainly it should not be held to extend beyond that time.

After the divorce decree was vacated a special appearance was entered by counsel of record in the divorce case and a stay of proceedings obtained. The decree of court had then been vacated, and it is difficult to determine just what the court intended to "stay". The special appearance was subsequently treated by all parties as a general appearance. However, since the decree had already been vacated the general appearance subsequently entered for the purpose of striking off the vacating order could not amount to a waiver of the improper service of the petition to vacate.

There is another reason why the order vacating the divorce decree was invalid. The decree was regular on its face and should not have been stricken without the presentation of facts rendering it invalid.

At this point we might note that the petition of appellee to vacate the divorce decree, in consideration of the allegations contained therein, should have been a petition to open the judgment in order to let in evidence.

In *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) the late Chief Justice KEPHART wrote an exhaustive opinion outlining the practice to be followed in a case such as this.

In that case, as in the case before us, there was a petition to vacate based on facts allegedly showing non-residence of the plaintiff in the divorce action; they were intended to rebut the testimony of residence. "The petition should not have been to vacate and set aside the decree, but to open it to let in this evidence," said the Chief Justice at page 264.

In discussing the procedure to be followed the court said: "Appellee's petition to vacate was not proper under our practice. She prayed that the court 'vacate and set aside the decree entered' and that she 'be given

an opportunity for a hearing for defending against the allegations in the libel set forth.' A rule to show cause why the decree should not be vacated and set aside was granted. Testimony was taken by deposition and was accepted 'to set aside the decree.'

"While there have been some definite rules promulgated as to proper practice for attacking decrees and judgments generally, no adequate practice seems to be laid down for decrees in divorce, although the rights of the parties therein rise just as high and are just as vital and important as in those relating to other decrees and judgments. While it has been long established in Pennsylvania that it is unnecessary to bring a separate suit to invalidate a decree of divorce, there has been no consistency in the type of attack that has been permitted . . .

"But, it is of paramount importance that petitions to vacate and set aside should be distinguished from petitions to open. The former are based on fatal defects apparent on the face of the record, while petitions to open concern other matters associated with the decree or judgment, or those upon which the decree or judgment is based, in other words, the merits of the controversy ending in the final judgment. Where, therefore, the judgment is being attacked for a matter of record, the proper motion is to strike off or vacate, which operates as a demurrer to the record: O'Hara v. Baum, 82 Pa. 416. Where, however, new evidence relating to the cause of action must be introduced in order to sustain the attack, the judgment or order should not be vacated or set aside, but should be opened for the purpose of admitting the new evidence." Pages 262, 263.

Evidence of extrinsic fraud, even though presented after the term of court vitiates a decree of divorce. "A fraudulently assumed residence in an attempt to meet jurisdictional requirements," is extrinsic fraud.

*Cortese v. Cortese,* 163 Pa. Superior Ct. 553, 63 A. 2d 420 (1949).

In *English v. English,* 19 Pa. Superior Ct. 586 (1902) the Court said: "No matter how expressed, consent of the parties, even with the consent of the court added, cannot give the court jurisdiction of a libel in divorce . . . unless the libellant shall have resided at least one whole year previous to the filing of his or her petition or libel: Act of March 13, 1815, sec. 11 6 Sm. L. 286. This prerequisite is not in the nature of a personal privilege or safeguard which the respondent may waive, or the court in its discretion, dispense with."

"Where such extrinsic fraud is clearly established, the public interest requires that the decree be set aside and vacated. Walton v. Walton, supra, 84 Pa. Superior Ct. 366; Willetts v. Willetts, supra, 96 Pa. Superior Ct. 198, 206, 207." *Cortese v. Cortese,* supra. 556.

However such fraud must be "clearly established" and an examination of the cases in this court and the Supreme Court uniformly indicates that even where the issue arose on a petition to vacate the divorce decree, evidence was adduced at a hearing on the question and upon the basis of such evidence the divorce decree was vitiated. We find no instance where a judgment vacating a divorce decree was granted in the absence of evidence on the record to support it. Thus even if the petition at issue herein had been a proper one, and properly served, judgment could not have been entered on it merely because no answer was filed. In the absence of supporting testimony the judgment vacating the divorce decree must fall.

Testimony as to fraud adduced at a hearing on petition for counsel fees and expenses held after the divorce decree was vacated cannot be used to buttress a prior judgment based solely on averments in a petition.

The order of the Court of Common Pleas is reversed and the decree of divorce is reinstated.