Martha L. Hoyt, Respondent, *v.* A. Edward Hoyt, Appellant.

Third Department, November 16, 1955.

*V. H. Multer* for appellant.

*John R. Normile* for respondent.

Halpern, J. This is an appeal from a judgment in a divorce action in favor of the plaintiff wife against the defendant husband.

In his answer, the defendant husband had pleaded as an affirmative defense a prior judgment of divorce which he had obtained in Pennsylvania. Upon the trial, the proof showed

that the parties had been married in Binghamton, New York, on February 15, 1947, and had lived together in that city and in a neighboring town until they separated in July, 1952. The plaintiff continued to reside in Broome County but the defendant moved to Hallstead, a small town across the State line in Pennsylvania. In July, 1953, the defendant commenced an action for divorce in Pennsylvania on the ground of desertion. The plaintiff was not personally served with process in Pennsylvania or anywhere else. The defendant husband alleged in the complaint in the Pennsylvania action that his wife had deserted him in 1951 and had absented herself from their habitation at R. D. No. 1, Hallstead, Susquehanna County, Pennsylvania. Further, he alleged that his wife's last known address was Snake Creek Road, R. D. No. 1, Hallstead, Pennsylvania, and that her present whereabouts were unknown. This was false and was known by the defendant to be false. The undisputed fact was that the plaintiff had never resided in Hallstead, Pennsylvania, or in any other place in Pennsylvania. The address given as her last known address had been the defendant's own address. The proof in this action showed that defendant knew that the plaintiff lived in Broome County, New York, at the time he commenced the Pennsylvania action. The proof showed that the defendant had helped the plaintiff move to the residence of one Mrs. Walker in Broome County, New York, after their separation, and that the plaintiff had lived there until November, 1952. Alimony checks in a pending New York separation action were sent by the defendant to the plaintiff at that address. After the plaintiff moved to another place of residence, in Binghamton, N. Y., the checks were forwarded to her at her new address by the post office. Furthermore, the proof showed that the plaintiff had a telephone in her own name at her current Binghamton address at the time of the commencement of the Pennsylvania action and that this information was readily available to the defendant who was an employee of the telephone company.

Upon the basis of the Sheriff's return showing his inability to serve the plaintiff (the defendant in the Pennsylvania action), service by publication was authorized. Under the Pennsylvania procedure, in connection with service by publication, the Sheriff was required to mail a notice of the action to the defendant therein at her last known address, as set forth in the complaint, by registered mail (Pa. Rules Civ. Pro., rule 1124). Upon the basis of the information furnished by the defendant, the notice was mailed to the plaintiff at Snake Creek Road, R. D. No. 1,

Hallstead, Pennsylvania, and was returned marked " Unclaimed and Unknown ". Publication was had in two Scranton papers. Even if we assume that the defendant did not know the plaintiff's current Binghamton address, the fact remains that if he had truthfully given the plaintiff's last known address in Broome County, as he believed it to be, the notice of the action would have been mailed to her there and would have been forwarded to her just as his alimony checks had been forwarded. As it was, the plaintiff did not learn of the action until some time after the entry of a divorce decree against her.

The court below was amply justified in finding that the defendant had deliberately deceived the Pennsylvania court with respect to the plaintiff's last known address. The defendant's fraudulent statements were obviously designed to conceal the pendency of the action from the plaintiff and they had the desired effect. The defendant's fraud vitiated the service of process, which was attempted to be made in accordance with the false information supplied by him. The Pennsylvania court therefore never obtained jurisdiction over the plaintiff and the judgment of the Pennsylvania court may be collaterally attacked in this State (*Dean* v. *Dean,* 213 App. Div. 360, 363, affd. on other grounds 241 N. Y. 240; *Stanton* v. *Crosby,* 9 Hun 370; see, also, *Cortese* v. *Cortese,* 163 Pa. Super. 553).

The case of *Arcuri* v. *Arcuri* (265 N. Y. 358) is plainly distinguishable. In that case, the fraud did not affect the manner of service or the obtaining of jurisdiction over the defendant but consisted of the giving of false testimony relating to the substance of the plaintiff's cause of action. In that situation, the court held that the judgment was jurisdictionally valid and was therefore not subject to collateral attack.

The defendant also raises a question as to the sufficiency of the proof in this case of the commission of adultery by him. The proof of the remarriage of the defendant subsequent to the obtaining of the Pennsylvania divorce and of his residing with the alleged second wife was sufficient to authorize an inference of adultery.

The provision in the judgment for counsel fees and expenses and the order for counsel fees on appeal, from which the defendant also appeals, seem to us to be proper.

The judgment and order appealed from should be affirmed, with costs.

Foster, P. J., Bergan, Coon and Zeller, JJ., concur.

Judgment and order affirmed, with costs.