Ehnes v. Wagner, Appellant.

Argued November 14, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*M. E. Maurer*, with him *S. C. Nissenbaum*, and *Wexler, Mulder & Weisman*, for appellant.

*F. Hastings Griffin, Jr.*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 18, 1957:

In this action of assumpsit, defendant appeals from the order of the court below discharging his rule to open judgment which had been entered in 1931 for want of an affidavit of defense.

Out of the mass of proceedings and depositions, in which much confusion was created, there evolves one fact that is crystal clear—it would be a grave injustice to disturb this judgment.

In March, 1931, the Broadway Merchants Trust Company filed suit in assumpsit upon a promissory note executed by "King Wagner Co.," and signed by one William King and "D. L. Wagner." The record shows that on April 17, 1931, there was a return, with affidavit thereon, of service upon an adult member of this de-

fendant's family at 5809 North 12th Street, Philadelphia. Defendant acknowledges that this then was and now is his residence. On May 5, 1931, judgment was entered by the Bank for want of an affidavit of defense. Ten years later the Bank assigned the judgment to the Federal Deposit Insurance Corporation, expressly declaring that it did not warrant the amount or validity of the judgment. In 1951, appellee purchased the judgment, issued a sci. fa. to revive on October 18, 1951, and demanded payment from defendant-appellant. Answer to the sci. fa. was filed on November 7, 1951, and on June 4, 1952, the rule to open was granted.

Defendant's position has been that he did not know William King, the co-signer, that he did not sign the note, that he was not served, and that he knew nothing about the matter. Basically, he contends that it was a case of mistaken identity.

A petition to open judgment is addressed to the sound discretion of the court below, whose action will not be reversed on appeal unless an abuse of that discretion appears: *Gagnon v. Speback*, 383 Pa. 359, 362, 118 A. 2d 744. To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief: *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections*, 386 Pa. 50, 53, 123 A. 2d 406. There must be more than mere conflict of evidence, or oath against oath, but ". . . such evidence as would persuade the court that, upon submission of the issue to a jury, a verdict in their favor could be upheld.": *Ahrens v. Goldstein*, 376 Pa. 114, 121, 102 A. 2d 164.

Defendant not only failed to meet these requirements by his own testimony, but the evidence establishes the contrary of his averments. It establishes that he was a resident at the address where service was made; that

he signed the note; that he knew and was in business with the co-maker; and that he failed to pay. Failing in his attempt to establish mistaken identity, he proceeded to contend that he never knew of the suit,—that the "suit papers" had never been given to him. Yet he failed to produce his wife—the only other resident of the home at the time of service—even though he had been in contact with her more than a year after appellee demanded payment. His contentions that invalidity of the judgment is shown by the assignor's declaration that it did not warrant its amount or validity are not sustainable. They enured only to the benefit of the assignor, and in nowise affected the judgment as to defendant. Nor does the age of the judgment cast any doubt upon its validity.

The record is replete with instances that not only fail to appeal to the conscience of the court, but on the contrary establish that defendant's position is untenable. The service was established; the use by him of the name "D. L. Wagner" was shown, as was his connection with William King, despite his uncorroborated testimony that such were not the facts. Any doubts as to his being the person liable were fully dispelled, and there was not mere "oath against oath," but commanding evidence to sustain the judgment.

Judgment affirmed.