■ TERESA ASPROMONTE, Appellant, v. JOHN ASPROMONTE, Respondent, et al., Defendant.— In an action by a wife for a judgment declaring invalid a Florida decree of divorce obtained by her husband and that she is his lawful wife, and for a separation, the appeal is from a judgment entered after trial dismissing the supplemental complaint on the merits. Judgment modified on the law and the facts by striking therefrom the first and third decretal paragraphs and by substituting in place of the first decretal paragraph provisions (a) declaring invalid the Florida decree of divorce, (b) declaring appellant to be the lawful wife of respondent, and (c) granting a separation to appellant. As so modified, judgment unanimously affirmed, with costs to appellant, and matter remitted to the Special Term to determine the amount of alimony, if any. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The Florida action resulting in the decree of divorce obtained by the respondent, in which action appellant was not served and did not appear, implied a finding that respondent was domiciled in the State of Florida. A judgment so obtained is entitled to full faith and credit in this State (*Williams* v. *North Carolina,* 317 U. S. 287), unless the proof adduced by appellant satisfies the court of this State that the proof of domicile was false and constituted a fraud upon the court where the divorce decree was obtained. (*Williams* v. *North Carolina,* 325 U. S. 226, 229, 232; *Matter of Holmes,* 291 N. Y. 261, 272; *Matter of Franklin* v. *Franklin,* 295 N. Y. 431; *Selkowitz* v. *Selkowitz,* 272 App. Div. 1071; *Rose* v. *Rose,* 277 App. Div. 1137.) The undisputed and uncontradicted

proof in the case at bar conclusively established that respondent's allegations in his bill of complaint in the Florida action that he was domiciled in the State of Florida were false and constituted a fraud on the court. The proof of respondent's subsequent remarriage and his residing with his alleged second wife entitles appellant to a judgment of separation. (Civ. Prac. Act, § 1161; *Hoyt* v. *Hoyt*, 286 App. Div. 580.) Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.