Minetola *v.* Samacicio, Appellant.

352

Argued January 12, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John A. M. McCarthy,* with him *Ralph C. Donohoe,* for appellant.

*Peter B. Scuderi,* with him *Montemuro & Scuderi,* for appellee.

OPINION BY MR. JUSTICE BELL, May 4, 1960:

The lower Court wisely discharged a rule to show cause why the judgment taken by default should not be stricken off because there were no fatal defects apparent on the face of the record: *McGary v. Lewis,* 384 Pa. 173, 180-181, 119 A. 2d 497; *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154; *Wisor v. Wisor,* 175 Pa. Superior Ct. 233, 103 A. 2d 498. The lower Court likewise discharged the rule to show cause why the judgment should not be opened. From this last Order, the petitioner appealed.

Plaintiff filed a summons and a Complaint in Equity on February 19, 1959. Plaintiff took judgment by default on March 20, 1959, when, more than twenty days after service of his complaint, no answer was filed. The trial Court, on March 31, 1959, after a pe-

tition. sworn to by defendant on March 24, 1959, granted a rule to open the judgment. Defendant's petition alleged that she was not, at the time of service and is not now, a resident of 2321 South 15th Street, Philadelphia, the address where the Sheriff had served a copy of the complaint on "an adult member of the family of said defendant, who stated that his relationship to said defendant is that of son." Defendant further alleged that she had been married, and at the time of service was living with her husband at a different address from that stated in the complaint, where the Sheriff had served the copy. Defendant further alleged that when she acquired knowledge of the existence of the action it was a few days prior to expiration of the twenty days allowed for filing an Answer, and that she had a defense to the action, which she set forth in an Answer which was attached to her petition.

The rule applicable to a petition to open judgment was recently reiterated in *Ehnes v. Wagner*, 388 Pa. 102, 130 A. 2d 171 (page 104) :

"A petition to open judgment is addressed to the sound discretion of the court below, whose action will not be reversed on appeal unless an abuse of that discretion appears: Gagnon v. Speback, 383 Pa. 359, 362, 118 A. 2d 744. To open judgment, the petitioner must *not only aver a valid defense** but he must also establish equitable considerations which impress the court with the need for relief: Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections, 386 Pa. 50, 53, 123 A. 2d 406. . . ."

In the instant case, depositions in support of the rule were taken under oath which established that petitioner at the time of service was not a resident at 2321 South 15th Street, the domicile of her family from which petitioner had moved upon her marriage some

---

* Italics throughout, ours.

four months before the date of service. The error in the service is further demonstrated by the fact that petitioner was just about 21 years of age at the time service was made and could not possibly have had an adult son.* This testimony, if believed, would tend to establish "equitable considerations which impress the Court with the need for relief", even though the testimony was weak and inconsistent as to the time when defendant received notice of the complaint.** However, the depositions fail to establish a valid defense on the merits of the case.*** Hence the most essential requirement of the *Ehnes* case necessary to move a Court to open a judgment, is missing. See also: *McGary v. Lewis*, 384 Pa. 173, 181, 119 A. 2d 497; *Schuylkill Trust Co. v. Sobolewski*, 325 Pa. 422, 190 A. 919; *Ahrens v. Goldstein*, 376 Pa. 114, 102 A. 2d 164.

Order affirmed; each party shall pay his respective costs.

Mr. Justice MUSMANNO dissents.

---

`*` Permitting such testimony did not conflict with the rule enunciated in *Vaughn v. Love*, 324 Pa. 276, 188 A. 299, that in the absence of fraud a sheriff's return, full and complete on its face, is conclusive and cannot be set aside on extrinsic evidence, since appellant was not attempting to set aside the service and oust the jurisdiction of the Court of Common Pleas, but sought an opportunity to present a defense on the merits.

`**` Appellant's mother, Mrs. Samacicio, at whose residence the service of the complaint was made on February 20, 1959, testified at one point that she was sure she had told defendant about the complaint some time during the third week of February; at another point she testified that her son, on whom service was made, told her about it the day after service was made, which she said was in March; and at still another point she testified that it was in March when she gave the complaint to appellant.

`***` This failure was due in part, if not entirely, to appellant's counsel, who objected to every question put to the deponents concerning the facts of the transaction at issue, and who instructed the deponents not to answer any such questions.

DISSENTING OPINION BY MR. JUSTICE BOK:

I think that the court below has overlooked an injustice that is patent on the face of the record and depositions.

The sheriff's return reads: "Served and made known to Carmela Samacicio the within named defendant by handing a true and attested copy of the within complaint to Thomas Samacicio an adult member of the family of said defendant, who stated that his relationship to said defendant is that of son . . . at 2321 S. 15th St. . . . the dwelling house of said defendant."

Both Carmela and Anna Samacicio testified. Anna said that Thomas is her son and Carmela her daughter; that Carmela married and moved to 1503 Ritner Street; that Thomas received a "letter" addressed to Carmela—ostensibly the sheriff's service—and gave it to his mother Anna; and that Anna put the paper in a closet and forgot about it.

Carmela testified that she is twenty-one years of age; that she married on October 25, 1958, and moved from 2321 South 15th Street to 1503 Ritner Street and was living there on February 20, 1959, the date of the sheriff's service; that she is expecting a child; and that she was never served with any papers.

Reading the sheriff's return and the depositions together, it is apparent that the sheriff served the adult son of a 21-year-old woman, a result so absurd that in my view the court's curiosity should have been aroused to find out more and to see where justice might lie. The rule that a sheriff's return is conclusive and that the only remedy is not on the merits but only against the sheriff was to effect justice when nothing else could serve the ends of justice. Here, where the record bears a danger signal that something is amiss, the rule adverted to shuts off the process of fact-finding and obscures the truth.

Defendant's valid defense is outlined in her answer to the complaint. She could not testify to it because her counsel asked her nothing about it and objected to every question on cross-examination that bore on it, directing her not to answer. I think we should not be sagacious to approve counsel's action when its effect is to hide the truth.

The depositions suggest the equitable considerations required by *Ehnes v. Wagner*, 388 Pa. 102 (1957), 130 A. 2d 171, as well as the showing that the petition to open was promptly filed after discovery, and that the default was reasonably explained or excused, as required by *Britton v. Continental Mining and Smelting Corporation*, 366 Pa. 82 (1950), 76 A. 2d 625.

Since a petition to open is equitable in nature and is directed to the conscience of the court (*McGary v. Lewis*, 384 Pa. 173 [1956], 119 A. 2d 497), I think that the equitable notion of hearing both sides and deciding on the merits should govern rather than strictures as technical as those of 17th Century common law pleading.

I dissent.