Duquesne Light Company, Appellant, *v.*
Pittsburgh Railways Company.

Argued May 31, 1960.   Before JONES, C. J., BELL,
MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Edmund K. Trent,* with him *Henry G. Wasson, Jr.,*
*Thomas J. Munsch, Jr.,* and *Reed, Smith, Shaw & Mc-*
*Clay,* for appellant.

*Clyde A. Armstrong,* with him *Charles M. Thorp,*
*Jr.,* and *Thorp, Reed & Armstrong,* for appellee.

OPINION PER CURIAM, June 30, 1960:
By this appeal we are asked to determine whether
the court below was correct when it opened the judg-

ment confessed by appellant against the appellee pursuant to terms of a lease and required the parties to comply with the arbitration provisions therein contained.

A petition to open a judgment is addressed to the sound discretion of the court and, unless an abuse of such discretion appears, its action will not be reversed. *Fogel Refrigerator Company v. Oteri,* 391 Pa. 188, 137 A. 2d 225 (1958) ; *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171 (1957).

This confession of judgment resulted from a dispute between the parties concerning a proper interpretation of a lease. The judgment is for the sum of $91,279.34 including a 5% attorney's commission. The lease itself contains a provision that "All disagreement or disputes under this contract shall be settled by arbitration . . .", and sets forth means to select a panel of three arbitrators. The appellee's defense to the payment of monies allegedly due is predicated upon an interpretation of a paragraph in the lease relating to the inclusion of amortization costs in rental returns. This interpretation is dependent upon the further interpretation and admissibility under the parol evidence rule of certain unexecuted leases negotiated by the parties just prior to the existing lease. While problems of the proper interpretation of written instruments and the admissibility of evidence are predominantly questions of law, they may be ruled upon by arbitrators. *Shannon v. Pennsylvania Electric Company,* 364 Pa. 379, 72 A. 2d 564 (1950).

We have examined the instruments in question and the briefs of counsel. It is unnecessary for us to comment any further on the merits of the defense than to say that there is a substantial dispute as to the matters involved. In view of this fact, the amount of money involved, and the fact that the sole result is to send

the matter to arbitration, we cannot say there was any abuse of discretion on the part of the court below.

Order affirmed.