Colucci *v.* Imperial, Appellant.

Argued January 9, 1964. Before Bell, C. J., Mus-manno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*William B. Koch,* with him *Philip D. Weiss,* and *Duffy, McTighe & McElhone,* for appellant.

*Richard S. Lowe,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 21, 1964:

This is an appeal from an order of the Court of Common Pleas of Montgomery County denying a petition to open a judgment by default and set aside a verdict.

A complaint in trespass was filed June 1, 1961, by Lillian Colucci, mother and natural guardian of Ralph J. Colucci, Jr., against Albert Imperial. The sheriff's return shows that a true and attested copy of the complaint filed was handed to Mrs. Albert Imperial on June 6, 1961, at the residence of the defendant, 300 Grove Street, Bridgeport, in Montgomery County.

On June 28, 1961, for want of an appearance, a default judgment was entered against the defendant, Imperial, and after the proper issue and listing procedure, the matter was heard by the Court of Common Pleas of Montgomery County, sitting with a jury. On May 24, 1962, the jury returned a verdict in favor of the Coluccis in the amount of $16,000.*

---

* The plaintiff in this case was not required by the Pennsylvania Rules of Civil Procedure or local rule to give the defendant notice of trial on the issue of damages. However, this notice is required by local rule in some Counties. (See Rule 240, Rules of

On July 12, 1962, Imperial filed a petition to open the judgment and set aside the verdict, contending that he had not been served. We have said many times that the opening of a judgment regularly and formally entered in a court of law is an appeal to the equitable powers of the court. The use of this power lies in the discretion of the court below and will not be disturbed, absent a finding on our part of an abuse of discretion by the lower Court. *Girard Tr. Corn Exch. Bank v. Sweeney,* 413 Pa. 203, 196 A. 2d 310 (1964) ; *Universal B. Sup., Inc. v. Shaler H. Corp.,* 409 Pa. 334, 186 A. 2d 30 (1962).

The appellant contends that the petition to open the judgment is not an attack on the sheriff's return because the issue of jurisdiction is not raised. The appellant contends that he merely wishes an opportunity to present his defense. In support of this position the appellant cites *Minetola v. Samacicio,* 399 Pa. 351, 160 A. 2d 546 (1960). In the *Minetola* case, the sheriff's return indicated that the complaint was served on the adult son of the defendant. The evidence showed that the defendant (1) did not live at the residence where service was made and (2) the defendant was 21 years old and could not possibly have an adult son. We indicated in that case that since a petition to open a judgment is an appeal to the equitable side of the court, if the other requirements of a timely petition and a meritorious defense were present, the judgment could be opened.* However, in the case at bar, no such equities exist. The sheriff's return indicates that service was made on

---

the County Court of Philadelphia County). In spite of the desirability of such a rule, notice of trial in the issue of damages was not required to be given by the plaintiff, and it would be grossly unfair to change the rule for this case.

* We held that the judgment should not be opened because no meritorious defense existed.

the wife of the defendant at his home. The appellant's only hope of creating an equitable climate in which judgment could be opened is by attacking the validity of the return by denying service.

In *Wheel v. Park Bldg.*, 412 Pa. 545, 195 A. 2d 359 (1963), we said that a judgment by default may be opened in the discretion of the trial judge when the petition to open is promptly filed, the default is reasonably explained or excused and a meritorious defense exists. In the instant case, the default has not been reasonably explained or excused. The reason for the failure of Imperial to appear, as asserted, is that he had no notice of the suit and the complaint was never served. It is, however, long established that absent a showing of fraud, a sheriff's return, true and regular on its face, is conclusive as to service of individuals present in Pennsylvania. *Frank P. Miller Paper Co. v. Keystone Coal & Coke Co.*, 267 Pa. 180, 110 A. 79 (1920). We must therefore conclude that the court below was correct in denying the petition to open the default judgment, because the reason advanced for the failure of an appearance is not valid. Parties may not ignore service of complaints and, absent any evidence of fraud, a complete sheriff's return must stand as being conclusive of service. Cf. *Ehnes v. Wagner*, 388 Pa. 102, 130 A. 2d 171 (1957).

Order affirmed.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I agree that, on this record, the default judgment entered for want of appearance after proper service of process is valid and should not be disturbed. I am unable, however, to agree that the trial to assess damages, in the absence of notice to defendant, attained the same status of validity. It is a record fact that no notice whatsoever of the hearing to assess damages

was given the defendant. We have long passed the stage in our jurisprudence when such hearings may be held without even a pretense of notice to the adverse party.

For defendant's failure to enter an appearance, he has already suffered the sanction of having a summary judgment entered against him. His inaction in this aspect of the litigation does not constitute a forfeiture of his rights in proceedings subsequent to the entry of that judgment. One such very essential right is his entitlement to notice of the trial at which time damages against him are to be judicially determined.

Surely, the assessment of damages in court is a distinct proceeding from the summary, ex parte direction to the prothonotary to enter a default judgment. Historically, the fixing of damages in the trial court is governed by the usual protections and rights customarily accorded a litigant. He is entitled to his day in court. However, when no effort is made to notify the defendant when the court will hear the case against him, the date of his opportunity to have that day in court becomes a secret, known only to the moving party but not disclosed to the defendant. This, of course, constitutes a complete denial of his right to trial on the issue of damages. An award so obtained is utterly without legal meaning and should not be permitted to stand.

I would, therefore, set aside the award of damages and remand the record to the trial court for the purpose of assessing damages upon proper notice to the defendant.

DISSENTING OPINION BY MR. JUSTICE JONES:

I believe that Imperial is not attempting to set aside the return of the sheriff's return but seeks an opportunity to present a defense on the merits. See:

294

*Minetola v. Samacicio,* 399 Pa. 351, 354, 160 A. 2d
546. Such opportunity I would grant.

Mr. Chief Justice BELL joins in this dissenting
opinion.