J-A12016-25                          2025 PA Super 132

RAUL MALDONADO : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALICIA MALDONADO :
:
Appellant : No. 2830 EDA 2024

Appeal from the Order Entered September 27, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2017-06652

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.: **FILED JUNE 27, 2025**

Appellant, Alicia Maldonado ("Wife"), appeals from the September 27, 2024 order entered in the Northampton Court of Common Pleas that denied Wife's Motion for Special Relief to Vacate the Divorce Decree. Upon review, Wife fails to assert extrinsic fraud, lack of jurisdiction, or a fatal defect on the face of the record as required by 23 Pa.C.S. § 3332. Accordingly, we affirm.

We glean the following relevant factual and procedural history from the trial court's Pa.R.A.P. 1925(a) opinion and the certified record. On July 25, 2017, Raul Maldonado ("Husband") filed a divorce complaint against Wife. Wife was initially represented by counsel, but on December 7, 2023, after the court denied Wife's preliminary objections, Wife's counsel withdrew her appearance. Following counsel's withdrawal, Wife failed to notify the

prothonotary of any change in address pursuant to Pa.R.Civ.P. 1930.8,[1] and the court had Wife's work address listed as her official address. On January 12, 2024, after a hearing at which Wife failed to appear, the court granted Husband's motion for sanctions against Wife for failure to comply with discovery and prohibited Wife from presenting testimony and evidence relating to equitable distribution or alimony in further proceedings.

On February 5, 2024, a special master notified parties via email that a hearing would take place on February 23, 2024. The special master emailed Wife a second time and called her the day before the hearing. The special master held a hearing on February 23, 2024, and Wife failed to appear. The special master issued a report on April 4, 2024.

On April 29, 2024, after a hearing where Wife again failed to appear, the court entered a decree divorce and ordered the parties to list three jointly owned properties for sale within 90 days. Wife continued to rent out the property located at 259 South Main Street in Bangor. On July 12, 2024, the court granted Husband's motion to enforce and authorized Husband to enter into a listing agreement for the sale of 259 South Main Street.

Wife subsequently obtained new counsel. On July 19, 2024, approximately 81 days after the entry of the divorce decree, Wife filed a motion to vacate the divorce decree, in which she averred that she had not

---

[1] Rule 1930.8 provides, in relevant part, that "[a] self-represented party is under a continuing obligation to provide current contact information to the court, to other self-represented parties, and to attorneys of record." Pa.R.Civ.P. 1930.8(b).

- 2 -

received any notices of pending proceedings since her initial counsel withdrew in December of 2023. Mot., 7/19/24, at ¶3, 4. Wife further averred that she was first made aware of the entry of the divorce decree on May 31, 2024, when the domestic relations section notified her that the court had terminated her award of alimony *pendente lite*. ***Id.*** at ¶ 6. Finally, Wife averred that she "was not afforded due process in the prosecution of the divorce action" and requested that the court vacate and strike the divorce decree. ***Id.*** at ¶ 7.

On September 25, 2024, the court held a hearing, and on September 27, 2024, the court denied Wife's motion for special relief to vacate divorce decree.

Wife filed a notice of appeal purporting to challenge not only the September 27, 2024 order that denied Wife's motion to vacate, but also the April 29, 2024 order entering the divorce decree, and the January 12, 2024 order that granted Husband's motion for sanctions and prohibited Wife from presenting testimony and evidence relating to issues of equitable distribution. Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues for our review:

1) Did the [trial court] err in denying [Wife]'s motion for special relief to vacate and strike the divorce decree and all orders entered after December 31, 2023, while granting [Husband]'s motion for contempt?

2) Did the [trial court] err in issuing the divorce decree?

3) Did the [trial court] err in granting the [Husband's] motion for sanctions and barring the [Wife] from presenting testimony and evidence related to issues of equitable distribution or

- 3 -

alimony to be determined at the hearing before the special master?

Wife's Br. at 3.

We review an order denying a motion to open or vacate a divorce decree for an abuse of discretion. *Danz v. Danz*, 947 A.2d 750, 752 (Pa. Super. 2008). "Petitions to open the decree must be filed within 30 days. During this 30–day period, the court holds wide discretion to modify or rescind its decree." *Melton v. Melton*, 831 A.2d 646, 651 (Pa. Super. 2003) (internal citations omitted). "The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30–day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court." *Id.* (citation and quotation marks omitted). Section 3332 of the Domestic Relations Code governs motions to open or vacate divorce decrees and states that, after 30 days, a petitioner must allege extrinsic fraud, lack of jurisdiction, or a fatal defect on the face of the record in order to obtain a vacatur of the divorce decree. 23 Pa.C.S. § 3332. Specifically, Section 3332 provides:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. **A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree.** Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas **extrinsic fraud**

- 4 -

**relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.**

23 Pa.C.S. § 3332 (emphasis added).

In this context, "extrinsic or collateral fraud" refers to "conduct of the prevailing party which has prevented a fair submission of the controversy." *Justice v. Justice*, 612 A.2d 1354, 1358 (Pa. Super. 1992) (citations omitted) (*per curiam*). "The fraud in such case is extrinsic or collateral to the question determined by the court." *Id.* (citations omitted).

In her motion to vacate and in her brief to this Court, Wife fails to assert extrinsic fraud, lack of jurisdiction, or a fatal defect on the face of the record as required by Section 3332. Instead, Wife argues that she did not receive proper notice of the February 23, 2024 hearing, or any of the hearings that occurred after her initial counsel withdrew in December of 2023. Wife's Br. at 17-18. This does not rise to the level of extrinsic fraud.

"It is settled that the **intentional** withholding of notice of a divorce action from a respondent constitutes extrinsic fraud, which, if proved, vitiates the decree." *Cortese v. Cortese*, 63 A.2d 420, 422 (Pa. Super. 1949) (emphasis added). Moreover, "[e]xtrinsic fraud may consist in **fraudulently** keeping respondent in ignorance of the action, or in a fraudulently assumed residence in an attempt to meet jurisdictional requirements." *Id.* (emphasis added). Finally, extrinsic fraud "exists where, by reason of plaintiff's conduct, the defendant was not served with process, had no knowledge of the action,

and was not represented at the trial." ***Masciulli v. Masciulli***, 169 A.2d 562, 564 (Pa. Super. 1961).

Here, as stated above, Wife fails to assert extrinsic fraud. Wife avers generally that she did not receive adequate notice of the divorce proceedings, but does not allege that Husband **intentionally** or **fraudulently** withheld notice. In fact, Wife does not even cite Section 3332 and its requirements in her motion to vacate or in her brief to this Court. Moreover, the trial court found that Wife **did**, in fact, receive sufficient notice of the divorce proceedings and that it was Wife who failed to maintain her obligation to update the prothonotary with any change of address. Trial Ct. Op., 12/16/24, at 3-4.

Because Wife fails to assert extrinsic fraud, lack of jurisdiction, or a fatal defect on the face of the record as required by Section 3332, we discern no abuse of discretion in the trial court's denial of Wife's motion to vacate. In light of our disposition, and because the time has passed to challenge on appeal the January 12, 2024 order that granted Husband's motion for sanctions and the April 29, 2024 order that entered the divorce decree, we lack the jurisdiction to address Wife's remaining issues. ***See*** Pa.R.A.P. 903(a) (explaining that, generally, a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/27/2025</u>