## May *v.* Newingham, Appellant.

*Attachment execution—Notice of assignment—Payment—Bond.*

The rule that the assignee of a bond or judgment note must notify the obligor or the promisor in order to protect his rights thereto and prevent the extinguishment of the debt by payment to the obligee or promisee, applies with equal force to a debtor who has been compelled by an attachment execution to pay the money to an attaching creditor of the obligee, and this is especially so where the obligee has assigned the instrument without consideration, and for the sole purpose of defrauding his creditors.

All that the law requires of a garnishee is that he shall, in good faith, see that the money is recovered from him by due course of law ; and if in good faith and without notice of the assignment the garnishee makes truthful answers to the interrogatories that he owes the money and has no knowledge or notice that the debt has been assigned, he does all that the law requires of him.

*Pleading—Evidence—Rule of court—Replevin.*

A rule of court providing that in actions founded on contracts, state-

ments of fact in the pleadings verified by affidavits shall be taken as conclusive at the trial if not denied by a proper plea verified by affidavit, does not apply to an action of replevin.

Argued April 16, 1901. Appeal, No. 17, April T., 1901, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1898, No. 505, on verdict for plaintiff in case of S. G. May v. Rose A. Newingham. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Replevin for horses and other personal property connected with a livery stable. Before McCONNELL, J.

At the trial it appeared that on July 22, 1897, T. B. May leased to Rose A. Newingham, a livery stable outfit for one year and one month for the sum of $1,613, payable $600 on the day of date of the lease, and the balance in instalments at certain specified periods. The lease further provided that upon payment of said instalments and the further sum of $10.00, May would execute a bill of sale for the property to Rose A. Newingham. Defendant paid $1,300 on account of the contract. On February 28, 1898, May by indorsement on the lease assigned it to J. E. Brown, who in turn on March 1, 1898, assigned it to S. G. May.

Counsel for defendant offered in evidence transcript of judgment of Keister & Loucks versus T. B. May and W. B. Thomas, doing a livery business under the firm name of May & Thomas, No. 485, May term, 1898. Transcript filed and judgment entered on the record in the prothonotary's office on March 24, 1898. This is for the purpose of showing that, prior to the confessed date of the assignments of the notes upon which this writ of replevin is based, suit was brought by Keister & Loucks against T. B. May, original owner of the notes and judgment obtained prior to the time that the notes were placed in bank as the property of J. E. Brown as assignee; to be followed by other evidence that a similar judgment was thus obtained by the same plaintiffs against T. B. May, which judgments were afterwards transferred to Beaver county on which attachment execution was issued, attaching the money in the hands of Rose A. Newingham belonging to T. B. May; that, upon interrogatories filed, Rose A. Newingham admitted the moneys in her hands belonging to T. B. May, the defendant, without any

knowledge on her part of any assignment having been made prior. And to be followed by evidence in addition to that already given, that the said alleged assignments were fraudulent, without consideration and for the purpose of avoiding payment of the judgment thus offered. And for the further purpose of contradicting T. B. May when he testifies that those suits or either of them, were brought at the time of the alleged transfer by him of the notes and articles of agreement to J. E. Brown.

To which offer counsel for plaintiff object that it is immaterial and irrelevant to the present plaintiff on the record when the suits were brought before the justice or the judgments obtained thereon before him, or when the transcripts were entered in the common pleas without bringing home to her some fraudulent act with reference to her title to the notes which had begun on February 28, 1898, a date prior to the entry of judgment before a justice, prior to the taking of judgments on the transcripts in the common pleas and long prior to the entry of the judgments in Beaver county and the service of the attachments thereon on Mrs. Newingham, defendant.

Mr. Gaither: The offer is for the further purpose of showing that Rose A. Newingham, the original party to the agreement with T. B. May, innocently and ignorantly answered interrogatories served on her, attaching money of T. B. May in her hands, admitting that she was indebted to T. B. May, thus resulting in judgments of Keister & Loucks against her for the indebtedness of T. B. May, and causing her to pay out of her estate the judgments thus existing against the said T. B. May.

Mr. Bell: To the further offer, counsel for the plaintiff objects, for the reason that the proceedings growing out of the attachment did not originally connect Rose A. Newingham, the defendant in this suit, at all. It was a thing done among other people. The judgments proposed to be offered were judgments against T. B. May held by other people than Rose A. Newingham, and if she permitted judgments to go against her on attachment execution without investigation as to whether T. B. May was the owner of the notes in suit at the time the attachment execution process was served upon her,— if she neglected to take the proper means of inquiry and acted without information, it is her own default. It was her duty in answering that

process to know absolutely whether T. B. May, the original promisee of the notes, was still the owner and holder thereof. Any service of attachment execution upon her in order to divert the funds from any innocent holder is inoperative for that purpose and cannot change the property which the innocent holder of those notes might then have acquired. It was further her duty, under the law, to contest at every point the process of garnishment served upon her, and if she failed to contest that she cannot now allege a liability against the assignee of the notes whose right had accrued prior to the service of the attachment execution.

The Court: The substance of the offer is to show that T. B. May, for the purpose of avoiding payment of a claim of Keister & Loucks, made an assignment of the notes that were given by Rose A. Newingham to him as consideration money for a livery stable. If that be true, it would be fraudulent as to Keister & Loucks and could not have the intended effect. But the balance of the offer shows that the judgment against Rose A. Newingham in Beaver county was obtained on her own answer as a garnishee, and as a garnishee it was her duty to inform herself of the essential facts that were contained in her answer, and her merely having answered ignorantly would give her no right to set up a judgment there obtained against her as proof of an intended fraud against her by T. B. May. The intended fraud against Keister & Loucks would be defeated by the law, if such an intention existed, but the offer does not purport to show that any fraud was intended against Rose A. Newingham by reason of the assignment complained of. As to the parties intended to be defrauded assignments of that sort are void. At the time that Rose A. Newingham made her answer, the transfer through her answer would take effect. At that date this assignment by the law through the judgment against the garnishee could take nothing except what was then in T. B. May, and at that time T. B. May had nothing in him because he had made an assignment to another person prior to that date. Rose A. Newingham could have ascertained this fact, and it was a duty that she as garnishee inform herself of the facts contained in her answer. Her merely answering ignorantly of the fact will not entitle the proposed evidence to be introduced into this case. The objection is therefore sustained. Exception. [1]

Mr. Gaither: We offer the same transcript in evidence to be followed by proof that an exemplification of the record was taken to Beaver county and attachment execution issued thereon on moneys of T. B. May in the hands of Rose A. Newingham; that Rose A. Newingham answered the interrogatories that she had moneys of T. B. May in her hands, and that she did not know of any assignment, to be followed by proof that the alleged assignments in this case were fraudulent and made for the purpose of hindering and delaying creditors; that such assignments resulted in a loss to Rose A. Newingham of the amounts paid by her out of her own estate of the two judgments to be offered in evidence against T. B. May. This for the purpose of showing that T. B. May did have the ownership and possession of the indebtedness owing by Rose A. Newingham so far as she was concerned in these attachment proceedings, and that by reason of his said fraudulent act she has been compelled to pay the amounts of the judgments.

To which offer counsel for the plaintiff objects, for the reasons given to a similar offer of the testimony proposed to be given, which objection is here renewed. All because the same is immaterial and irrelevant.

The Court: It is not proposed in this offer to show that T. B. May sought to defeat the enforcement of any legal right that existed in Rose A. Newingham at the time of the alleged fraudulent assignment. By reason of this fact, no claim of hers was sought to be defeated by reason of the facts set up in the offer. In substance, therefore, the offer is the same as the one previously passed on by the court and for the same reason we reject it. An exception may be noted for the defendant. [2]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*Paul H. Gaither*, with him *Cyrus E. Woods* and *J. R. Smith*, for appellant.—It was not the appellant's duty, as garnishee, to inform herself of the assignments of her notes by May, whether such assignments were made with or without valuable consideration. But it was the assignee's duty to give appellant notice of the assignment of her notes to him: Bury v. Hartman, 4 S.

& R. 175; Foster v. Carson, 159 Pa. 477; Miner & Co. v. Kosek, 2 Pa. Dist. Rep. 638; Anderson v. Young, 21 Pa. 443.

The case of Hexter v. Bast, 125 Pa. 52, is one which has in it some points not unlike those in the present case.

*Albert H. Bell,* for appellee.—The case is similar in its facts, and is controlled by the decision of the Supreme Court in Noble v. Thompson Oil Co., 79 Pa. 367. See also Patten v. Wilson, 34 Pa. 299, and Myers v. Baltzell, 37 Pa. 491.

It was appellant's duty to make every available defense against the attachment if she would be relieved from double liability: Schempp v. Fry, 165 Pa. 510; Stoner v. Com., 16 Pa. 387; Baldy v. Brady, 15 Pa. 103.

The court was right in refusing to permit the introduction of evidence to show an alleged fraud directed, not against the defendant in the suit, but against creditors of T. B. May, the assignor of the contract and note held by the plaintiff: Stoner v. Com., 16 Pa. 387; British Statute of Fraudulent Conveyances, 13 Eliz. ch. 5, sec. 2, Robert's Dig. 295.

OPINION BY RICE, P. J., July 25, 1901:

It is a well settled principle that the law casts upon the assignee of a bond or a judgment note the duty of notifying the obligor or the promisor, in order to protect his rights thereto and prevent the extinguishment of the debt by payment to the obligee or promisee. Bury v. Hartman, 4 S. & R. 175, Brindle v. McIlvaine, 9 S. & R. 74, Henry v. Brothers, 48 Pa. 70, Horstman v. Gerker, 49 Pa. 282, Hodgdon v. Naglee, 5 W. & S. 217, Foster v. Carson, 159 Pa. 477, and Lee v. Sallada, 7 Pa. Superior Ct. 98, are a few of the numerous cases in which this principle has been applied. "It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If the party whose interest and duty it is to give him notice, so that he can regulate his conduct according to his new relations, make it a point to keep him ignorant, he should certainly not be compelled to suffer, since one man is not to answer for the default of another. Down to the moment of notice the debtor may do whatever he could legally have done if no assignment had been made:" BLACK, C. J., in Gaullagher v. Caldwell, 22

Pa. 300. If voluntary payment to the obligee without notice
of a prior assignment of the instrument will extinguish the
debt, why should not the same protection be accorded a debtor
who has been compelled by due process of law to pay the money
to an attaching creditor of the obligee, especially where the
obligee has assigned the instrument without consideration and
for the sole purpose of defrauding his creditors? All that the
law requires of a garnishee is that he shall, in good faith, see
that the money is recovered from him by due course of law;
and if in good faith, without notice of the covinous assign-
ment, this defendant made truthful answers to the interroga-
tories served upon her that she owed the money and had no
knowledge or notice that the debt had been assigned, she
did all that the law required of her. She was not bound
to make untruthful or evasive answers, or to prolong the
litigation by dilatory motions and appeals in order to pro-
tect an assignee of whom she had no knowledge. As was
said in Bury v. Hartman, the contract between the assignee
and the debtor commences with notice of the assignment.
Down to that moment, to repeat the language of Chief Jus-
tice BLACK in Gaullagher v. Caldwell, the latter may do what-
ever he could legally have done if no assignment had been
made. He is not bound to assume that the obligee had fraud-
ulently assigned the obligation and to frame his conduct upon
that assumption. Hence if final judgments in the attachment
proceedings were obtained against the defendant before actual
or constructive notice to her of the covinous assignment, she
was in precisely the same position as if under like circumstances
she had paid the money to the original obligee. To hold other-
wise, if she can prove these facts, would be to make her the
victim of the fraud that was aimed at her obligee's creditors.
To say that it was not aimed at her is no answer. The case is
plainly distinguished from Pellman v. Hart, 1 Pa. 263, and
Noble v. Thompson Oil Co., 79 Pa. 354, 367, because in each
of those cases the garnishee had notice of the assignment in
ample time to protect himself. It is alleged in the plaintiff's
replication that the defendant had such notice and as this al-
legation was not specifically denied by plea duly verified by
affidavit, it is urged that the replication was admissible, under
the rule of court, as conclusive evidence of that fact. The rul-

ing admitting the replication in evidence for the purpose above
stated was duly excepted to and is the subject of the assign-
ment of error filed at bar. We are of opinion that the rule of
court does not apply, but is confined in its operation by its
express terms to actions founded on contract. The defendant
may not be able to make good her offers, but we are of opinion
that she should have an opportunity to do so, if she can.

The assignments of error are sustained, the judgment is re-
versed and a venire facias de novo awarded.