Hilton Credit Corporation, Appellant, *v.* Williamson.

Argued June 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lee B. Sacks,* with him *Samuel I. Sacks,* for appellant.

*Edward W. Silver,* with him *Silver and Silver,* for appellees.

Opinion by Flood, J., September 17, 1964:

Plaintiff, having obtained judgment against Francis T. Williamson and his wife, levied upon household goods in the house where they resided. After the sheriff advertised the sale of the goods, Francis W. Williamson and his wife, the parents of Francis T. Williamson, filed a property claim averring that they are occupants of the premises and owners of the goods levied upon. A sheriff's rule for interpleader was served upon the claimants on February 26, 1963. They filed no answer to the rule. In accordance with Philadelphia Rule *2320(c) claimants' failure to file an answer to the rule constituted an abandonment of their claim. The plaintiff filed a copy of the docket entries showing that no answer had been filed on or before the return day and, in accordance with Rule *2320(c), the sheriff again advertised the sale. A second property claim was then filed by the same claimants. The plaintiff obtained a rule to show cause why this claim should not be stricken as res judicata. After answer and argument, it was ordered that the rule to strike the claim be made absolute, but upon rehearing this order was vacated and the rule to strike was discharged. The present appeal was taken from the latter order.

The county court's opinion gives the following reasons for its actions:

(1) There is no basis for the judgment against the wife-defendant; and

(2) Service of the rule for interpleader was made upon the claimants by handing a copy to the defendant-husband, the son of the claimants, who, as averred in the answer to the petition to strike, "either deliberately or inadvertently" failed to inform the claimants of the service.

In their brief, the appellees add an additional reason to justify the court's refusal to strike the claim:

(3) Rule *2320(c) is inconsistent with §1 of the Sheriff's Interpleader Act of June 22, 1931, P. L. 883,

§1 et seq. (12 PS §2358 et seq.), and is therefore invalid under §10 of that act (12 PS §2367).

1. The judgment entered against the wife-defendant remains unappealed and unattacked. A stranger to the original suit cannot collaterally attack the judgment by challenging the sheriff's levy in interpleader proceedings. *Mulvihill v. Philadelphia Saving Fund Society,* 117 Pa. Superior Ct. 455, 177 A. 487 (1935). Similarly, the court may not interfere with the execution proceedings on its own motion under the circumstances here existing.

2. Service upon the claimants was properly made under Pa. R. C. P. No. 233(a)(1), and they cannot be heard to say that they did not receive it when it was served at their home by being handed to their adult son.

3. The claimants further argue that Philadelphia Rule *2320 is in conflict with the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, §1 et seq. (12 PS §2358 et seq.), under which the court is empowered to "make general rules governing the proceedings under this act, not inconsistent herewith. . . ." Id. §10 (12 PS §2367). They contend that Rule *2320 is inconsistent with §1 of the act (12 PS §2358). Section 1 provides that when a property claim has been filed with the sheriff, he or the claimant "may enter a rule . . . on the persons making adverse claims . . . to show cause why an issue should not be framed to determine the ownership of . . . [the] goods and chattels. . . . The hearing on said rule shall be in the nature of a preliminary hearing to determine the right of the sheriff . . . to have an interpleader. If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects said execution or process on the goods or chattels claimed." It is argued that the last quoted sentence places the burden of going

forward equally on the plaintiff and the claimant, whereas Philadelphia Rule *2320 provides that the plaintiff need not respond to the sheriff's rule until the claimant has answered. Under this rule, if the claimant does not indicate why an issue should be framed, he is held to have abandoned his claim and the plaintiff need not answer. The claimants contend that this procedure is invalid since it is inconsistent with the procedure specified in the act and, consequently, when neither the plaintiff nor the claimants answer, as in this case, each must be deemed to have abandoned his claim under §1 of the act. From this he would have us infer that the plaintiff has abandoned the levy.

We cannot adopt this argument. In our opinion the rule is not inconsistent with the act for several reasons.

1. Section 10 of the act provides that in an issue framed under the act, "the claimant shall be the plaintiff and all other parties thereto shall be defendants. The issue shall consist of a statement of the source of the claimant's title and an inventory of the goods claimed attached thereto . . . and an affidavit to be filed by the defendant or defendants in the issue, averring the grounds on which he questions the claimant's title." This can only mean that the claimant and the plaintiff are to be adverse parties as to the property in dispute and that the burden of proof is upon the claimant, who is made plaintiff in the issue.

2. Section 1 of the act, upon which the claimants rely, does not state when the plaintiff or claimant must show cause. The determination of an issue is an awkward process when the burden of going forward is placed simultaneously on two antagonistic parties and statutes dealing with procedure should not be so interpreted unless this result is unavoidable. In view of the above quoted provision of §10 of the act, which

places the burden on the claimant, we need not so interpret it. Since the claimant is the moving party as respects an objection to the sale of the property which has been levied upon, logically he has the laboring oar. By filing a property claim, he compels the entry of a rule for interpleader by the sheriff, if the latter wishes to protect himself from liability for selling the claimant's goods or chattels on a judgment against the defendant. While the protection of the sheriff is the primary purpose of the act (*Lamberton Natl. Bank v. Kineston*, 114 Pa. Superior Ct. 365, 174 A. 622 (1934)), the claimant also benefits from its provisions. By using its procedures, he may, if his claim is valid, stop the sale instead of being relegated to a suit against the plaintiff, the purchaser or the sheriff as at common law.

Consequently, the sheriff, who will normally not know the facts, is not required to give any reason for the petition other than that a claim has been filed. It seems reasonable to require the claimant, the other beneficiary of the act, who by filing the property claim sets the interpleader procedure in motion, to support his claim by filing an answer showing cause why an issue should be framed. The claimant is in the best position to know what title he has. The plaintiff, a stranger to any issue between the claimant and the defendant as to ownership of the property, will normally be in no position to make any statement as to title until he ascertains and investigates the claimant's position. Thus the Philadelphia Rule is soundly based on the logical procedural intendment of the statute and fairly carries out its purpose.

The court below, in vacating its first order and refusing to apply the doctrine of res judicata, apparently relied upon the equities, not only those in favor of the claimant but also the supposed equities of the wife-defendant. But the creditor too has certain equities.

The complaint was filed on April 27, 1962. No defense has been interposed by either defendant throughout all subsequent proceedings, either by answer to the complaint, motion to open judgment, motion to stay execution or otherwise. The plaintiff has, however, been thwarted for over two years in his efforts to collect the amount due him.

As to the claimants, if they failed to receive the notice which was properly served upon them, this was not the fault of the creditor but of their own son—an adult resident of their household. To accept the argument that the claimants did not receive notice when in fact the sheriff's return indicates proper service, would open the door to attacks upon service properly made under specific provisions of our rules, thus undermining the sanctity of the sheriff's return. The Supreme Court has very recently reiterated the governing law by which we are bound. *Colucci v. Imperial,* 414 Pa. 289, 200 A. 2d 297 (1964).

The Sheriff's Interpleader Act, supra, allows bona fide claimants a more expeditious procedure than that afforded by the common law. If the claimants fail to pursue this statutory procedure to vindicate their claim, their rights at common law are still available, except for their common law remedy against the sheriff who is protected from liability when he takes advantage of the Sheriff's Interpleader Act. See *Reichenbach v. McKean,* 95 Pa. 432 (1880) (replevin) and *Summit Hosiery Co. v. Gottschall,* 292 Pa. 464, 141 A. 298 (1928) (trespass for wrongful use of a civil process). Cf. Amram, Liability of an Unsuccessful Claimant in Sheriff's Interpleader, 19 Pa. Bar Assn. Quarterly 311 (1948).

Order reversed. The order making absolute the appellant's rule to strike the appellees' claim is reinstated.