## Miller, Appellant, *v.* Feldstein.

Argued November 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Angelo C. Procopio,* for appellant.

*Nathan Holstein,* for appellees.

OPINION BY WRIGHT, J., December 31, 1964:

We are here concerned with an appeal by the plaintiff in an action of replevin without bond from an order of the Court of Common Pleas of Allegheny County sustaining defendants' preliminary objections, and dismissing the complaint. It will be necessary to briefly set forth the factual and procedural situation.

Irving and Mildred Feldstein obtained a judgment against Robert K. Miller, on which an execution was issued to No. 174 April Term 1962. The sheriff levied upon certain household goods and scheduled a sale thereof for February 5, 1962. Alberta G. Miller, wife of Robert K. Miller, and the appellant in this case, served written notice on the sheriff that the said household goods belonged to her alone. The sheriff obtained a rule for interpleader under the Act of June 22, 1931, P. L. 883, 12 P.S. 2358 et seq. Both the appellant and the Feldsteins filed answers to this rule. On March 20, 1962, the court below made the rule absolute. Appellant did not thereafter file a statement of title or a bond as required by the statute. The Feldsteins secured a certificate from the prothonotary to that effect, on the basis of which the sheriff re-advertised the sale for April 24, 1962. On that date he sold the goods to the Feldsteins. Appellant then instituted the present action.

The instant appeal is controlled by our recent decision in *Hilton Credit Corporation v. Williamson*, 204 Pa. Superior Ct. 248, 203 A. 2d 389, which will be discussed in the next paragraph. While one of the purposes of the sheriff's interpleader act is to protect the sheriff, the statute is also concerned with the question of title to the goods under levy. A sheriff's interpleader proceeding is the means of determining the title or ownership of the goods upon which levy has been made: *Voytek v. Schugard*, 196 Pa. Superior Ct. 216, 173 A. 2d 654. The words "belong to", "ownership", and "title", as used in the statute, have their usual and ordinary meaning, and relate to the absolute ownership or proprietorship of the goods and chattels in controversy: *Atlantic Finance Corp. v. Kester*, 156 Pa. Superior Ct. 128, 39 A. 2d 740.

In the *Hilton Credit Corporation* case, the plaintiff levied upon household goods in the dwelling of the de-

fendants. After the sheriff had advertised a sale of the goods, the parents of the husband-defendant filed a property claim in which it was averred that they were the owners of the goods upon which levy had been made. A rule for sheriff's interpleader was served upon the claimants. They filed no answer. Under the Philadelphia Court Rules, this constituted an abandonment of their claim. Plaintiff filed a copy of the docket entries showing that no answer had been filed, and the sheriff again advertised the goods for sale. A second property claim was then filed by the same claimants. The plaintiff obtained a rule to show cause why this claim should not be stricken as res judicata. The rule to strike was discharged by the lower court. Upon appeal, we reversed and ordered the rule made absolute.

Similarly, this appellant failed to comply with the requirement in Section 11 of the statute (12 P.S. 2368) that the claimant must file a bond and statement of title within two weeks after the rule for an issue is made absolute. The section further provides: "If the claimant shall fail to comply with this section, then the sheriff, on being furnished with a certificate, from the prothonotary or clerk, that a bond and statement has not been so filed, shall proceed with the execution or process as if no claim had been filed". This language clearly implies that failure on the part of the claimant to file a bond and statement of title constitutes an abandonment of the claim, thus permitting the sheriff to proceed with the execution. The case of *Summit Hosiery Co. v. Gottschall*, 292 Pa. 464, 141 A. 298, relied upon by appellant, is readily distinguished. The pivotal difference is that the case arose in 1925, and the statute then in effect did not contain the sanction clause above quoted.[1]

---

[1] Such a clause first appeared in the Act of April 7, 1927, P. L. 174, which provided: "If, after the said rule is made absolute, the claimant shall fail to give his bond in accordance with

552

Appellant also asserts that she did not file a bond because she was financially unable to do so. However, Section 12 of the statute (12 P.S. 2369) expressly provides for the situation where "the claimant fails to give bond, but otherwise files his or her statement of title within the time herein specified". In such event, the court may direct a sale "and the proceeds thereof shall be paid into court to await the determination of the issue—or the court may impound the goods upon such conditions as justice may require".

To summarize, if appellant had not filed a property claim, thereby setting in motion the interpleader proceeding, she might well have pursued her common law remedy. However, appellant chose to avail herself of the more expeditious procedure set forth in the sheriff's interpleader act. She may not now avoid the consequences of her abandonment of that proceeding by a second attempt to show title.

Order affirmed.

---

section eleven of this act, then the sheriff, on being furnished with a certified copy of the docket entries indicating that no bond and statement have been filed, shall proceed with sale as if no claim had been filed".