Miller, Appellant, *v.* Feldstein.

Argued September 29, 1965.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Angelo C. Procopio,* for appellant.

*Nathan Holstein,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 17, 1966:

This is an appeal by Alberta G. Miller, appellant, who was the plaintiff in an action of replevin without bond in the court below from the order of the lower court sustaining defendant's preliminary objection and dismissing the complaint.

The Superior Court affirmed the judgment of the lower court and this Court granted allocatur. The facts follow:

Irving and Mildred Feldstein, appellees, obtained a judgment against Robert K. Miller on which an execution was issued. The sheriff levied upon certain household goods and scheduled a sale. Alberta G. Miller, appellant and wife of Robert K. Miller the defendant in the judgment execution, served written notice on the sheriff that the household goods levied upon belonged to her. The sheriff then obtained a rule for interpleader under the Act of June 22, 1931, P. L. 883, 12 P.S. §2358. Both appellant (claimant) and the Feldsteins, the judgment creditors, filed an answer to this rule which the court below made absolute. Appellant-claimant did not thereafter file a statement of title or a bond as required by the Act. The Feldsteins following §11 of the Act secured from the prothonotary a certificate indicating that the claimant failed to com-

ply with the Act and the sheriff being furnished with that certificate from the prothonotary proceeded with the execution as if no claim had been filed. After advertisement the goods were sold to the Feldsteins. Appellants then instituted this present action of replevin without bond.

Both the lower court and the Superior Court held that if appellant had not filed a property claim thereby setting in motion the interpleader proceedings she might well have pursued her common law remedy. However, since appellant chose to avail herself of the Sheriff's Interpleader Act and did not comply with the Act by filing the bond and claim and statement of title, she may not now avoid the consequence of her abandonment of that proceedings by this second attempt to assert her title.

The history of the Sheriff's Interpleader Act indicates that it was not until the Act of June 22, 1931, P. L. 883, that §11 of the Act, 12 P.S. §2368, was amended to provide that if a bond and statement were not filed by the plaintiff the sheriff on being furnished with a certificate to that effect from the prothonotary or clerk could proceed with execution as if no claim had been filed. The original Act of April 10, 1848, P. L. 448, which governed interpleaders in Philadelphia and Luzerne Counties was enacted solely for the benefit of the sheriff although it authorized proceedings to ascertain title to personal property taken in execution. This Act was later extended throughout the Commonwealth and was expanded by the Act of May 26, 1897, P. L. 95. Section 11 of that Act imposed upon the claimant the responsibility of filing a bond and the statement of title but left the sheriff in an unprotected position since it did not provide that the sheriff could proceed without liability in the event the claimant failed to comply with the requirement that a bond and a statement of title be filed. In fact, in *Bain*

*v. Lyle,* 68 Pa. 60 (1871), the court pointed out that an order discharging the sheriff's petition for interpleader did not determine title or prejudice the claimant's right of action against the sheriff. This deficiency continued through the Act of 1897 and was not corrected until the Act of 1931, but the correction was only designed to protect the sheriff since it authorized him (the sheriff) to proceed if no claim had been filed. *Failure to file the bond and statement imposed no sanction on the claimant.*

There is no doubt that where the interpleader proceedings are instituted and proceed to judgment, the judgment obtained in the proceeding is res judicata between the parties as to title. Some of the earlier cases prior to the Interpleader Acts of 1897 and 1931 took the position that the defendant was not a party to the interpleader and for this reason a judgment in favor of the execution creditor was not res judicata as to the question of title. But now since the Interpleader Acts of 1897 and 1931 make the defendant a party, the proceedings, if pursued to judgment, would be res judicata as to him. However, where the claimant abandons the proceedings by failing to file his complaint or bond and where no adjudication as to title is made, there would appear to be no judgment. The only provision made by the Act for such contingency is that the sheriff may proceed and be protected as if no claim had been filed. Thus, the claimant would be free to contest title in a subsequent replevin action.

It is true that the new Sheriff's Interpleader Rules recently adopted go beyond the provisions of §11 of the Interpleader Act of 1931 and specifically provide in Rule 3207(c) that if after an adverse sheriff's determination no objection is filed by the claimant his claim shall be deemed abandoned and the sheriff may proceed with execution without further order of the court. But never have we adopted any rule nor has

there been any determination that the mere failure to file a bond or a statement of title would have the same effect as a final judgment and permit the application of res judicata. In fact, to foreclose the right of a claimant to an adjudication on the merits might constitute an unconstitutional deprivation of the claimant's property rights. Further, our reading of *Hilton Credit Corporation v. Williamson,* 204 Pa. Superior Ct. 248, 203 A. 2d 389 (1964), supports our conclusion in this matter. Judge FLOOD, in that opinion, indicated that while the Interpleader Act provides a more expeditious procedure for determining the title to property than that afforded by the common law, still "If the claimants fail to pursue this statutory procedure to vindicate their claim, their rights at common law are still available, except for their common law remedy against the sheriff who is protected from liability when he takes advantage of the Sheriff's Interpleader Act."

There remains, however, the question of estoppel as distinguished from res judicata. Since the execution creditor was the purchaser of the property at the sheriff's sale and the replevin proceedings were between the same parties, we cannot see that the doctrine of estoppel can be invoked. There has been no change of position on the part of the execution creditor in reliance on the abandonment of the claim in the interpleader proceedings.

Thus, the judgment of the lower court and the order of the Superior Court must both be reversed and the complaint reinstated with a procedendo.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.