EISEMAN, J.,
— This comes before the court on defendant Allstate Insurance Company’s:
(1) Rule to show cause why execution should not be stayed;
(2) Rule to. show cause why service and judgment against defendant Allstate Insurance Company should not be stricken;
(3) Petition of defendant Allstate Insurance Company to open default judgment.
FACTS
On April 10, 1969, plaintiff received a verdict in the sum of $32,500 against individual defendant, Bernard Hurwitz, resulting from an accident which occurred on February 17, 1968. On September 9, 1969, plaintiff filed writs of attachment execution against individual defendant and two insurance carriers of individual defendant as garnishees, Allstate Insurance Company and Granite Mutual Insurance Co., Inc. We are concerned in the proceedings before this court solely with the writ of attachment execution against garnishee Allstate Insurance Company.
The writ of attachment, together with interrogatories containing “Notice to answer within 20 days or else judgment would be taken,” was served on Allstate by Deputy Sheriff William J. Hazlett on September 10, 1969.
*490 On October 1, 1969, plaintiff entered judgment against Allstate for failure to file its answers to the interrogatories as provided by law.
On October 6, 1969, plaintiff filed a writ of attachment execution against Allstate, naming the Philadelphia National Bank as garnishee. Interrogatories were filed and served on the Philadelphia National Bank on October 7, 1969. After the garnishee bank filed its answers to the interrogatories, plaintiff entered judgment against the Philadelphia National Bank as provided by law.
On October 24, 1969, Allstate filed its petition to open judgment, etc., and argument was scheduled for November 24, 1969. The matter was continued pending the taking of depositions. Thus, the matter is now before the court upon petition, answer, depositions, arguments and briefs.
DISCUSSION
Allstate first raises the validity and correctness of the sheriff’s return of service. The sheriff’s return of service reflects that Deputy Sheriff William J. Hazlett served Allstate on September 10, 1969, by leaving writ of attachment execution together with interrogatories with one Joseph Zurybida, manager-in-charge of Allstate Insurance Company, at their place of business at 6545 Roosevelt Boulevard in Philadelphia.
Although Zurybida has no recollection that the writ was served upon him on the date in question, the law in Pennsylvania is quite clear that absent a showing of fraud, a sheriff’s return, true and regular on its face, is conclusive: Albert Einstein Medical Center v. Forman, 212 Pa. Superior Ct. 450 (1968); Colucci v. Imperial, 414 Pa. 289 (1964); Hilton Credit Corp. v. Williamson, 204 Pa. Superior Ct. 248 (1964).
Although the case of Hollinger v. Hollinger, 416 Pa. 473 (1965), modified the doctrine of the sanctity of the sheriff’s return, the court still retained the doctrine with respect to those factors stated in the return, *491 of which the sheriff presumptively has personal knowledge. Since there is affirmative evidence that the sheriff knew Zurybida and also other persons employed at the place of service in question, and further had made service there on other occasions, it must be presumed that the facts of identity and capacity of the person served were within the sheriff’s personal knowledge and, therefore, are immune from attack, except by affirmative evidence rebutting such presumption. The record is void of such evidence.
Since the sheriff’s return must be deemed valid and correct, we are next faced with the failure of Allstate to file answers to the interrogatories and the subsequent judgment entered by plaintiff as a result of this failure so to do by Allstate.
The Pennsylvania Rules of Civil Procedure provide a most simple and effective remedy against garnishee who chooses not to answer interrogatories properly filed and served upon him. Rule 3146* is this remedy.
Goodrich-Amram § 146(a) deals with the subject of petitions to open judgment against a garnishee. This section, at page 381, provides:
“Petition to open will thus be readily granted *492 so long as the garnishee can prove that he is deserving of such relief and that its granting will not simply be an idle gesture. The conditions upon the granting of a petition to open a default judgment are commonly said to be three: (1) The petition must be promptly filed; (2) the default must be reasonably explained or excused; and (3) a defense must be shown to exist on the merits.”
This court finds that Allstate does not meet the latter two conditions. With respect to justification or explanation of the cause for the failure to answer, Allstate suggests that the person served never, in fact, was served or that the writ of attachment execution and interrogatories were somehow misplaced or inadvertently lost. Neither of these allegations is supported by the record.
Under the circumstances of these proceedings, Allstate cannot question the conclusiveness of sheriff’s return of service, supra. Further, with respect to the alleged misplacement or loss of the papers, the law is just as clear that courts will not open a judgment where the applicant has been neglectful of his rights. One who seeks to invoke the discretion of the court to open a judgment must show that the injustice of which he complains is not the result of his own negligence or indifference: 7 Standard Pa. Practice, pages 82-83.
Allstate cites the case of Wheel v. Park Building, 412 Pa. 545 (1963), as being the law applicable to the facts of the instant case. This court disagrees. In the cited case, the default was explained as an inadvertent error on the part of defendant’s manager in forwarding the complaint to the wrong insurance carrier, resulting in the consequent confusion, a reasonable human error.
To the contrary, Allstate displays an unreasonable *493 lack of knowledge of the proceedings in the instant case, after proper service upon its agent.
Further, in Wheel v. Park Building, supra, the court found a defense on the merits properly pleaded. This court finds no such meritorious defense present. On the contrary, exhibit “A,” in affidavit form attached to plaintiff’s supplemental brief, presents for the record an Allstate “Change of Endorsement” form naming the individual defendant, Bernard Hurwitz, as the assured for the period involved in the basic trespass action upon which judgment was entered. This is unchallenged by Allstate, by any evidence in this record.
ORDER
And now, this June 3, 1971, upon consideration of all the pleadings, depositions and briefs filed with the court, it is ordered:
(1) The rule to show cause why execution should not be stayed is dismissed;
(2) The rule to show cause why the service should not be stricken and judgment of October 1, 1969, against Allstate Insurance Company should not be stricken, is dismissed;
(3) The petition of Allstate Insurance Company to open the default judgment entered against it on October 1,1969, is denied.

“Rule 3146. Judgment' Against Garnishee Upon Default or Admission in Answer to Interrogatories.
“(a) If the garnishee within the time allowed by these rules fails to file an answer to interrogatories containing a notice to answer, the prothonotary on praecipe of the plaintiff shall enter judgment in favor of the plaintiff and against the garnishee in the same amount as the judgment of the plaintiff against the defendant, together with interest and costs.
“(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee’s possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The entry of judgment shall not bar the right of the plaintiff to proceed against the garnishee as to any further property or to contest any right in the property claimed by the garnishee.”