## Bartley v. Atlantic City Electric Company

*Andrew Uncafiter, Sr.,* for C. D. Hilty.

*John B. McCue, James J. Callas, Edward J. Steiner* and *H. H. Heilman, Jr.,* for William Bartley and other financial backers. .

GRAFF, J., May 24, 1972.—This matter comes before us upon a petition for distribution of a sum of money which arose as a result of a condemnation proceeding.

In 1960 and in 1961, C. D. Hilty was the lessee under a gas and oil lease upon the Marshall Farm consisting of 140 acres, and he also had the privilege of drilling one well upon the Smeltzer Farm granted to him by the Equitable Gas Company, the lessee of said tract of land. Both of these tracts of land are situate in Cowanshannock Township, this county. In the aforesaid years, Hilty drilled a well on each tract, both of said wells being drilled to the Bradford Sand. Defendant electric companies (herein called power companies) erected a large electric generating plant in an adjoining township and in the process thereof condemned numerous tracts of land in order to construct a large lake. This lake inundated both of the wells hereinbefore mentioned. The land upon which the wells were actually located was condemned but

not the whole area covered by the Marshall lease. Viewers were petitioned for in this case and a sum of $38,000 was awarded as the total damage. The viewers did not apportion this amount to the various persons interested in the wells and the Marshall lease. In order to obtain the funds necessary for the drilling of the wells, C. D. Hilty Drilling Company sold, by stocking out, interests to a number of the claimants who now claim as shareholders in a joint venture. The question now before us is the proper distribution according to the various claims of interest presented. It is contended upon the part of the various shareholders in the wells that the agreements under which the wells were drilled constitute a joint venture.

"To constitute a joint venture certain factors are essential: (1) each party to the venture must make a contribution, not necessarily of capital, but by way of services, skill, knowledge, materials or money; (2) profits must be shared among the parties; (3) there must be a 'joint proprietary interest and right of mutual control over the subject matter' of the enterprise; (4) usually, there is a single business transaction rather than a general and continuous transaction": McRoberts v. Phelps, 391 Pa. 591, 599.

A reading of the written agreement executed between C. D. Hilty Drilling Company and the various alleged shareholders leads to the conclusion that the drilling of each well does constitute a joint venture under law. The interest of the shareholders is personal property. A large number of judgments against Hilty upon which there have been some executions have been offered in evidence. It is clear that the interests of the shareholders cannot be held responsible for the debts of Hilty Drilling Company or C. D. Hilty: National Cash Reg. Co. v. Sorto, et al., 106 Pa. Superior Ct. 106; Voytek v. Schugard, 196 Pa. Superior Ct. 216.

Testimony was offered at the time of the various hearings to fix the amount and value of the interests of the claimants. The interest of each shareholder is to be determined by the contribution made by such person in order to obtain the funds necessary to drill the well. The developer or driller of the well also has a distinct interest. Under the Smeltzer tract, there existed in Hilty only the right to drill one well with no interest in the lease itself. Under the Marshall tract, Hilty was the owner of the gas lease upon 140 acres. The entire acreage covered by this lease was not taken or condemned by the power companies. This left the right in Hilty to drill wells upon the land not actually taken. Gas is migratory in character and a well drilled upon the remaining land could draw gas from the land actually taken in the condemnation. In Hilty's dealings with the power companies, it was agreed that $8,000 would be fair compensation to Hilty for the loss of a part of the Marshall lease and that the sum of $15,000 would be fair compensation for each of the two wells actually taken. We have carefully considered the testimony and have concluded that this is a fair and just distribution. Accordingly, we find that $15,000 should be allotted to the Marshall well; $15,000 allotted to the Smeltzer well; and $8,000 allotted to Hilty by reason of the Marshall lease.

The interests in the Marshall well are now found as follows:

| | |
|---|---|
| Mary E. Brocksmith | 1/32 |
| T. V. or Ruth Stromblad | 1/32 |
| Mr. or Mrs. C. E. Geechman | 1/32 |
| P. F. Stromblad | 1/32 |
| Alex or Dorothy Dawson | 1/32 |
| Richard G. or Leonora E. Delaney | 1/32 |
| Lewis or Rosella Askowitz | 1/32 |

| | |
|---|---|
| D. G. or Irene Armstrong | 1/32 |
| Howard or Edward Shidock | 1/32 |
| R. A. or Wilmer Allen | 1/32 |
| Hugh S. or Annie Cunningham | 1/32 |
| Charles H. or Alice M. Ludwig | 1/32 |
| Fred W. or Margaret L. Cook | 1/32 |
| Oliver C. Johnson | 1/32 |
| William S. or Dorothy Mae Bartley | 1/32 |
| Robert T. King | 1/32 |
| Harry Marshall | 1/32 |
| Charles D. or Dorothy Jean Hilty | 15/32 |

The interests in the Smeltzer Well are now found as follows:

| | |
|---|---|
| Chestnut Ridge Oil & Gas | 1/16 |
| Mrs. Mabel Donahue | 1/32 |
| William or Dorothy Mae Bartley | 3/64 |
| David G. or Irene Armstrong | 1/32 |
| Fred C. or Mary E. Brocksmith | 1/32 |
| Mr. or Mrs. C. E. Getchman | 1/32 |
| Arnold A. or Wilsie Allen | 1/32 |
| Robert T. King | 1/16 |
| Edward A. or Jennie L. Ropasky | 1/16 |
| Mrs. Hester Klingensmith | 1/32 |
| T. V. or Ruth Stromblad | 1/32 |
| P. F. Stromblad | 1/32 |
| Roy or Velma Summey | 1/32 |
| H. P. Morrison | 1/32 |
| Clifford Sample | 1/32 |
| John Mosbaugher | 1/32 |
| Charles A. or Ruth K. Wagner | 1/32 |
| Mario P. or Helen M. Vallosio | 1/32 |
| David E. or Mildred Potter | 1/32 |
| Robert L. or Grace B. Rhoades | 1/32 |
| William K. or Louise Bosserman | 1/32 |
| Roxy J. McAuley | 1/64 |
| Alfred J. or Alice E. Deacon | 1/32 |
| C. D. or Dorothy J. Hilty | 6/32 |

A large number of judgments against C. D. Hilty or C. D. Hilty Drilling Company appear of record amounting to more than $100,000. Executions have been issued upon certain of these judgments. Counsel representing a number of the judgment creditors appeared at the time of the hearing but no briefs were presented in their behalf when such was directed by the court. It is obvious that any distribution among the judgment creditors of C. D. Hilty must be determined by a further proceeding and a date for a hearing upon this matter will be immediately fixed after consultation with attorneys who represent the various judgment creditors. We, therefore, enter the following order:

## ORDER

And now, May 24, 1972, it is ordered, adjudged and decreed as follows:

1. The interest in the Smeltzer Well is now fixed at $15,000 to be distributed by the prothonotary of this county in proportion to the various fractional interests set forth in this opinion.

2. The interest in the Marshall Well is now fixed at $15,000 to be distributed by the prothonotary of this county according to the fractional interests set forth in this opinion. The interest of C. D. Hilty, lessee, in the Marshall Well is now fixed at $8,000.

3. It is ordered and directed that the costs of this proceeding be proportionately deducted from the amounts heretofore fixed prior to distribution.

4. It is ordered and directed that no distribution be made of the Hilty interests until further hearing be had upon the matter.

5. The prothonotary of this county is directed to give notice of the filing of this opinion and this order to all counsel of record, those judgment creditors who have no counsel, and to any individual shareholders who are not represented by counsel of record.