In re Dave T. LERETSIS and Constance M. Leretsis, Debtors.

**HODES COMPANY, Appellant,**

v.

**Dave T. LERETSIS and Constance M. Leretsis.**

**Civ. A. 87–211 Erie.**

United States District Court, W.D. Pennsylvania.

June 7, 1989.

Theodore B. Ely, Ely & Smith, Erie, Pa., for Hodes Co.

Gary V. Skiba, Colussi, Yochim, Skiba & Moore, Erie, Pa., for Leretsis.

## OPINION

GERALD J. WEBER, District Judge.

This appeal from a decision of the Bankruptcy Court points out the folly of loaning money to a married man.

David Leretsis was sole proprietor of a plumbing business. Over time he had become indebted to a supplier, Hodes Co. When David failed to make payment, Hodes Co. filed suit against David alone and obtained a default judgment for $2,396.60 plus interest and costs.

Subsequently the Sheriff served a Writ of Execution upon David, levying against various personal and household articles located in his home (which doubled as his business address). The Sheriff apparently did not seize the items, but left them in David's possession. The Sheriff then held an auction at which Hodes Co. was high bidder at $232.56 for the whole lot. Following the sale, the Sheriff sought to take possession of the subject articles, but before this could be accomplished, the proverbial fly landed in the ointment.

Oh, how unfortunate for the creditor! David was married! He and his wife of 12 years filed for bankruptcy and claimed as exempt the various articles which had been the subject of the Sheriff's sale. Hodes Co. filed an objection to the claimed exemption and sought leave to take possession of the subject property. David and Constance argued that because all the items were marital property, held indissolubly in tenancy by the entireties, Hodes Co. could not obtain clear title to them by proceedings against David alone.

The Bankruptcy Court considered arguments of counsel and the largely undisputed facts, and agreed with David and Constance. This appeal followed.

At the outset, we note that there has been no challenge to the Bankruptcy Court's jurisdiction over this matter. The subject items were alleged to be assets of the debtors and it is appropriate that the Bankruptcy Court determine title to such assets as between the debtors and other claimants.

Hodes Co. argues long and loud that Mr. & Mrs. Leretsis sat idly by during the execution process and failed to avail themselves of any of the avenues of redress provided by the Sheriff's Interpleader Act or the Pennsylvania Rules of Civil Procedure. To the Company's mind, the Leretsis' have "slumbered on their rights." We understand the sense of exasperation expressed by the creditor but the simple fact is that Pennsylvania permits alternative remedies in this setting:

> ... while the Interpleader Act provides a more expeditious procedure for determining the title to property than that afforded by the common-law, still "If the claimants fail to pursue the statutory procedure to vindicate their claim, their rights at common law are still available, except for the common law remedy against the sheriff who is protected from liability when he takes advantage of the Sheriff's Interpleader Act."

*Miller v. Feldstein*, 420 Pa. 232, 216 A.2d 619, 621 (1966), quoting *Hilton Credit Corp. v. Williamson*, 204 Pa.Super. 248, 203 A.2d 389 (1964). Simply put, a claimant may take advantage of the Interpleader Act and the Attendant Rules, or he may ignore them with impunity and proceed with a collateral attack on the validity of

the Sheriff's sale through such common law actions as replevin or ejectment. Indeed in *Miller,* the claimant initiated an action pursuant to the Interpleader Act and *then abandoned it,* but was held *not* to have prejudiced his right to attack the sale in another forum. Consequently, the Leretsis' inaction before, during and immediately after the sale does not preclude a collateral attack in an appropriate forum.

■ The Bankruptcy Court is certainly an appropriate forum. Once under the aegis of the Bankruptcy Court's jurisdiction, the debtors properly raised a claim to assets sought by another. Once the issue was joined, the resolution was clear. The inviolability of marital property is a time honored icon of Pennsylvania law. It is axiomatic that a judgment against one spouse may not be satisfied by execution against marital property. It is also well established that the Sheriff at auction can only convey such title as the judgment debtor may have had. In the present case, David Leretsis had only an indivisible interest in marital property, and this interest could not be conveyed without impairing the concommitant interest of his wife. The title conveyed to Hodes Co. by the Sheriff at auction is therefore deficient. See, *McGary v. Lewis,* 384 Pa. 173, 119 A.2d 497 (1956).

The creditor raises several other points in passing which are plainly without merit. The creditor's claim that it was prejudiced by the debtors' inaction because it lost the opportunity to execute against other, non-marital property is specious. There is no indication that David owned *any* non-marital property, but in any event the creditor should have known it was dealing with likely marital property when it saw the Sheriff's list of the items seized (bed, kitchen table and chairs, washer and dryer, etc.). The creditor suggests that some items may have been non-marital property, but failed to adduce any evidence to support this. Finally, the creditor's suggestion that Constance and David may have been separated is to no avail: there is no evidence to support this surmise, but in any event, the property seized was taken from Constance's home, not David's supposed new residence.

For the reasons stated, the Bankruptcy Court correctly concluded that Hodes Co. did not obtain title to the debtors' personal property through the Sheriff's auction and therefore the debtors' exemption of such property from the estate was proper. The decision of the Bankruptcy Court will be affirmed.